**William Leisteko, Plaintiff in Error, v. Harry Smith et al., Defendants in Error.**

**Gen. No. 5312.**

LANDLORD AND TENANT—*what not defense to action for rent.* It is not competent to reduce the amount of the landlord's claim based upon a written lease by showing a reduction of rental value resulting by reason of his failure to make certain repairs agreed to be made by him.

Distress for rent. Error to the County Court of Lake county; the Hon. DE WITT L. JONES, Judge, presiding. Heard in this court at the October term, 1910. Reversed and remanded. Opinion filed March 16, 1911.

ALFRED E. CASE, for plaintiff in error.

WHITNEY, DADY & RUNYARD, for defendants in error.

MR. PRESIDING JUSTICE WILLIS delivered the opinion of the court.

In April, 1907, William Leisteko leased a farm in Lake county to Harry Smith and Arnold Bigelow for five years from March 1, 1907, for $1,500: $500 to be paid on the signing of the lease; $300 March 1, 1908; $300 March 1, 1909; $300 March 1, 1910; $100 March 1, 1911. On March 1, 1908, Bigelow sold his interest in the lease to H. S. Roberts. The same month Leis-

teko made a lease of the farm to Smith and Roberts for four years from March 1, 1908, for $1,000; $300 to be paid on the signing of the lease; $300 March 1, 1909; $300 March 1, 1910; $100 March 1, 1911. The second lease was signed by Roberts only, but was treated by all the parties in interest as in force. On March 22, 1909, Leisteko issued a distress warrant against the chattels of Smith and Roberts. The warrant was levied and a copy filed with the clerk of the County Court of said county, to which they interposed a plea of the general issue accompanied by a notice of set-off of certain items of damage claimed by reason of Leisteko's alleged breach of the covenants of the leases. The damages so claimed were: $400 for failure to roof barn; $175 for failure to build a corn crib; $20 damages to land for cutting a tree; $20 damages to hay stacks; to money exended for lumber, $7; to money expended for fuel, $4; total, $626. It was stipulated that Roberts should be substituted for Bigelow in all his rights and liabilities under the first lease; that both leases might be admitted in evidence; that the $300 rent due on March 1, 1909, had not been paid. Leisteko introduced the stipulations and the leases in evidence and rested. Smith and Roberts introduced certain evidence. The jury found the issues for Smith and Roberts, and assessed their damages at $300. Their verdict canceled the $300 rent admitted to be unpaid and added $300 as damages which was equivalent to allowing $600 for Leisteko's alleged breach of the covenants of the leases. Three hundred dollars was remitted from the verdict. Motions for a new trial and in arrest of judgment were denied. Judgment was entered for costs against Leisteko and he sued out this writ of error to review such judgment.

There was no evidence that defendants in error sustained any pecuniary damage from plaintiff in error's alleged failure to roof the barn, or to build a corn crib, or by cutting a tree, or to hay stacks, or that they expended any money for lumber; and no competent evi-

dence that they paid any money for fuel. But there was evidence admitted over plaintiff in error's objection, which if competent, tended to show that his alleged disregard of the covenants of the leases reduced the rental value from the amount fixed in the leases $100 to $125 per year from the date of the first lease until the end of the rental year following the beginning of the suit. The jury allowed all damages claimed by defendants in error except $26, and the evidence upon which their verdict was founded related principally to plaintiff in error's alleged failure to roof the barn, build a corn crib and repair fences. As before stated, the evidence failed to show that any pecuniary damage resulted for a failure to build a corn crib and the notice of set-off did not claim damages for failure to repair fences. The evidence also shows that the fences that needed repair were pasture fences, but does not show that any pecuniary loss resulted to defendants in error because of their defective condition. There was no evidence that the roof of the barn needed replacing. Neither was there a covenant in either lease that plaintiff in error should roof the barn. There was, however, in each lease a covenant that he would cover the south and east sides of the barn with lumber so as to properly protect "hay etc. from the weather." The evidence shows that there was a shed or leanto on the south and east sides of the barn which was used for horses, chickens and hogs. It seems to be assumed that the covenant in the leases above stated referred to this shed. Defendants in error were permitted to prove over plaintiff in error's objection that this shed was covered by a hay roof; that the covering was old and rotten and that water would drip through for two or three days after a rain. In as much as the lease expressly limited plaintiff in error's agreement to covering the sides of the barn, we are of the opinion that the court erred in admitting evidence over plaintiff in error's objection that the roof of the shed had not been replaced.

The action was not in equity to reform the leases, but one in law to recover rent admitted to be due and defendants in error's set-off or recoupment was of no avail save the amount in dollars and cents that the evidence showed they had sustained as damages. Therefore the court erred in admitting as evidence over plaintiff in error's objection the opinion of witnesses to the effect that the rental value had been reduced by defendants in error's claim for damages to a sum less than the amount stipulated for in the leases.

Plaintiff in error tried to show on the cross-examination of one of the defendants in error that at but slight expense they could have re-covered the roof of the shed with hay and prevented the damage claimed on account of its defective condition, but he was prevented from doing so on the objection of defendants in error. It has been repeatedly held that a party being damaged cannot stand by and suffer the injury to increase without reasonable effort to prevent further loss. It is not only the moral, but the legal duty of the party who seeks to recover for another's wrong to use due diligence in preventing loss thereby. This principle applies to a breach of contract, and a party is not entitled to compensation for injurious consequences from such breach, so far as he had the information, time and opportunity to prevent them. Brant v. Gallup, 111 Ill. 487, and authorities there cited. Counsel for defendants in error in argument undertake to evade the operation of this rule of law on the ground that the questions were not proper on cross-examination. The witnesses of whom the questions were asked testified in detail relative to the defective condition of the roof of the shed, and other items of the damage claimed, and was then permitted to give his opinion as to the effect of the same upon the yearly rental value of the premises. To hold then that it could not be shown on cross-examination that defendants in error had or had not attempted to lessen or

174    APPELLATE COURTS OF ILLINOIS.

prevent the damage, erroneously limited plaintiff in error's right of cross-examination.

There was a covenant in the leases that defendants might take firewood for their own use. One of them testified that they were prevented from taking firewood from the premises, and what, in his opinion, the firewood was worth; but no witness testified that plaintiff in error did anything to prevent their taking firewood, nor did it appear in what manner they were deprived of it. The statement that they were prevented from taking firewood was a mere conclusion and it was error to admit such statement in evidence over plaintiff in error's objection.

In as much as the principal damages claimed arose from the condition of the roof of the shed and there was nothing in the leases binding plaintiff in error to cover it, and the total of all the other damages claimed would not amount to the rent admitted to be due which was wiped out by the judgment even after the *remittitur* was entered, it is obvious that this judgment does plaintiff in error a serious injustice and should be reversed and the cause remanded.

*Reversed and remanded.*